UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

IRIS MOLINA,

                        Plaintiff,

            -against-

HARVARD MAINTENANCE,

                        Defendant.

20 Civ. 10993 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, United States District Judge:

       WHEREAS, Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17 and the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297, alleging that her employer discriminated against her based on her sex and national origin.  By Order dated December 29, 2020, Plaintiff's request to proceed *in forma pauperis* (IFP) was granted;

       WHEREAS, although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued.  It is hereby

       **ORDERED** that Plaintiff's time to serve the summons and complaint is extended to 90 days after the date the summons is issued.  Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect such service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).  If the complaint is not served within that time, Plaintiff should request an

extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").  It is further

**ORDERED** that, to allow Plaintiff to effect service on Defendant Harvard Maintenance through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.  It is further

**ORDERED** that Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Clerk of Court is respectfully directed to mail a copy of this order to *pro se* Plaintiff, together with an information package.  The Clerk of Court is also directed to issue a summons and complete the USM-285 form with the address for Harvard Maintenance and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:   February 18, 2021
         New York, New York

                                             _____
                                             **LORNA G. SCHOFIELD**
                                             **UNITED STATES DISTRICT JUDGE**

## DEFENDANT AND SERVICE ADDRESS

Harvard Maintenance
50 Maiden Lane, 17th Floor
New York, N.Y. 10038